UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTOINE ECHOLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-CV-1692-CDP |
| | ) |
| SAM'S CLUB, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of self-represented Plaintiff Antoine Echols for leave to commence this action without payment of the required filing fee. ECF No. 2. Upon consideration of the financial information provided with the application, the Court finds the Plaintiff is unable to pay any portion of the filing fee. *See* 28 U.S.C. § 1915(a). Therefore, Plaintiff will be granted leave to proceed *in forma pauperis*.

Additionally, the Court has reviewed Plaintiff's complaint and finds that it is defective as a complaint commencing a civil case because it was not drafted on a Court-provided form. *See* Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Consequently, the Court will direct Plaintiff to file an amended complaint on the Court's "Employment Discrimination Complaint" form, which will be provided to him.

As currently submitted, it is unclear which specific federal statute(s) Plaintiff intends to bring his claims under in this action. If it is Plaintiff's intent to assert claims under Title VII of the Civil Rights Act of 1964, his amended complaint must clearly state his race and then carefully describe the adverse employment action he believes was taken *and* why it amounted to racial

discrimination. To establish a prima facie case of Title VII discrimination, a plaintiff must show: (1) he is a member of a protected class; (2) was meeting his employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of his protected class. *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted). In his submission of the amended complaint, Plaintiff must also be cautious to name the proper defendant(s). For example, there is no individual liability for supervisors under Title VII. *See Walsh v. Nevada Dept. of Human Resources,* 471 F.3d 1033, 1037-38 (9th Cir. 2006) (collecting cases); *see also Alsbrook v. City of Maumelle,* 184 F.3d 999, 1005 n. 8 (8th Cir. 1999); *Bonomolo-Hagen v. Clay Central-Everly Community School District,* 121 F.3d 446, 447 (8th Cir. 1997) (citing *Spencer v. Ripley County State Bank,* 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam)); *see Bales v. Wal-Mart Stores Inc.,* 143 F.3d 1103, 1111 (8th Cir. 1998). As a result, all supervisors or management cannot be held personally liable for violations of Title VII.

Further, "[i]n order to initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter." *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). Although Plaintiff has attached a right-to-sue letter to his complaint, ECF No. 1-2, he has not provided the Court with a copy of his charge of discrimination. Consequently, the Court will order Plaintiff to supplement the record by submitting a copy of his charge of discrimination within thirty (30) days of the date of this Order so the Court may ascertain whether Plaintiff's claims in his complaint are like or reasonably related to the claims outlined in his charge. *Duncan v. Delta Consolidated Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004). If

Plaintiff fails to submit his charge of discrimination within thirty (30) days, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to Plaintiff, along with a copy of this Memorandum and Order, an "Employment Discrimination Complaint" form.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, in accordance with the instructions set forth above, **no later than thirty (30) days** from the date of this Memorandum and Order. **Plaintiff must attach a copy of his Charge of Discrimination with his amended complaint.**

Dated this 10th day of February, 2025.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE