**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ANTOINE ECHOLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-1692 CDP |
| ) | |
| SAM'S CLUB, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of Plaintiff's amended employment discrimination complaint and sealed attachment. ECF Nos. 5 and 6. For the reasons discussed below, the Court will dismiss the amended complaint without prejudice.

### The Complaint

On December 13, 2024, Plaintiff filed this employment discrimination action without using the required Court form. ECF No. 1. On February 10, 2025, the Court reviewed Plaintiff's complaint, granted him leave to proceed without payment of the required filing fee, and directed him to file an amended complaint on the proper "Employment Discrimination Complaint" form. ECF No. 4. Within the Memorandum and Order, the Court explained that if Plaintiff intends to assert claims under Title VII of the Civil Rights Act of 1964, his amended complaint must clearly state his race and then specifically describe the adverse employment action he believes occurred and why it constitutes racial discrimination. *Id.* at 1-2. The Court listed the specific elements he must show: "(1) he is a member of a protected class; (2) was meeting his employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than

similarly situated employees who were not members of his protected class. *Id.* at 2 (citing *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted)).

## Amended Complaint

On March 11, 2025, Plaintiff filed an amended complaint on the Court-provided form, asserting Title VII claims against his former employer, Sam's Club, for race- and color-based discrimination. ECF No. 5 at 1, 5. In the section designated to specify the alleged discriminatory conduct, Plaintiff checked the boxes for termination of his employment, retaliation, and harassment. *Id.* at 4. He further directed the Court to review seven pages of documents, which he filed separately under seal. *See* ECF No. 6.

Within the attached sealed documents, Plaintiff alleges he has worked for Defendant Sam's Club since August 2, 2005 as a full-time overnight freezer stocker. After his first year of employment, Plaintiff states he was told that he would be awarded a $0.50 cent yearly raise and an additional $1.00 merit raise. A week after being informed of these raises, Plaintiff states his supervisor told him that the company eliminated the merit-based policy and, as a result, he would only receive a $0.50 increase. In response, Plaintiff submitted a complaint with the store manager and the "market team," both of which denied his request for the additional $1.00 per hour.

Plaintiff states that he was terminated on September 25, 2022 due to some "white lad[ies]" alleging that Plaintiff made a bird call and commented on their weight. *Id.* at 3. Plaintiff denied these allegations but was still fired. Plaintiff alleges "he was discriminated again [sic] by the defendants in order to get the plaintiff terminated." *Id.*

For relief, Plaintiff seeks "the Court to order the Defendant to pay the Plaintiff back pay [of] $1.00 for every hour since 2006, of August, fix or match [his] 401[k] plan, [and] hire [him] back[.]" ECF No. 5 at 7.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.

**Discussion**

In his amended complaint, Plaintiff checks the boxes indicating Defendant Sam's Club discriminated against him based on his race and color. However, Plaintiff offers no facts supporting this allegation. The amended complaint, even liberally construed, still lacks sufficient factual allegations required to proceed under § 1915(e).

The Court previously informed Plaintiff that to establish a prima facie case of Title VII discrimination, he must show (1) he is a member of a protected class; (2) was meeting his employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of his protected class. *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation

omitted). Plaintiff failed to address any of these elements in his complaint. He does not identify himself as a member of a protected class, nor does he provide any facts suggesting that he was denied a raise due to his race or color. In fact, Plaintiff alleges that he did not receive the merit raise of $1.00 because of a company-wide policy that eliminated such raises. Instead of alleging any discrimination, Plaintiff instead claims he should have been given the raise because it was promised to him "before the company stop [sic] applying the merits raise policy." ECF No. 6 at 1. Plaintiff in fact raises a contract issue rather than a discrimination claim.

As far as his retaliation and termination claim, Plaintiff provides no facts demonstrating that he was discriminated against based on his race. Though he does identify the race of the women who made allegations against him, he does not identify his own race or color. Plaintiff does not allege other employees received more favorable treatment, nor does he describe how their roles or responsibilities compared to his. The amended complaint consists largely of conclusory assertions and does not state a plausible claim for relief under Title VII.

## Conclusion

For the reasons set forth above, the Court will dismiss the amended complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B) and Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered contemporaneously.

Dated this 26th day of June, 2025.

                                                              CATHERINE D. PERRY
                                                              UNITED STATES DISTRICT JUDGE